Jason L. Solotaroff
GISKAN SOLOTAROFF ANDERSON & STEWART LLP
11 Broadway, Suite 2150
New York, New York 10004
(212) 847-8315

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MUSHTAQ AHMAD,

      Plaintiff,

    v.

EAST RAMAPO CENTRAL SCHOOL
DISTRICT, MOUNT VERNON SCHOOL
DISTRICT,

      Defendants.
------------------------------------------------------------x

Case No. 09 CV 1440 (CS)

**SECOND AMENDED COMPLAINT**

Jury Trial Demanded

## JURISDICTION AND VENUE

1. There is jurisdiction pursuant to 28 U.S.C. §1331 and §1367 over these claims of discrimination and retaliation, arising from opposition to discrimination based on national origin and religion under 42 U.S.C. §§1981, 1983, Title VII and the New York State Human Rights Law. Venue is properly before this Court pursuant to 28 U.S.C. §1391(a) as a substantial part of the events giving rise to the claim occurred in this district.

## THE PARTIES

2. Plaintiff, Mushtaq Ahmad, is a 51 year old, male, naturalized U.S. citizen of Pakistani descent and national origin. He is a Muslim.

3. Defendant East Ramapo Central School District ("East Ramapo CSD") is a central school district, duly organized under Article 37 of the New York State Education Law, located in Rockland County, New York.

4. Defendant Mount Vernon City School District ("Mount Vernon CSD") is a central school district, duly organized under Article 37 of the New York State Education Law, located in Westchester County, New York.

## THE FACTS

5. Plaintiff was born in Pakistan. He received a Masters Degree in Chemistry from Punjab University, Lahore, Pakistan and a second Masters Degree in Secondary Education, with honors and distinction, from Mercy College, New York. Plaintiff became a naturalized United States citizen in 1996.

6. Plaintiff began working for the New York City Department of Education in September 1999. He worked in the New York City schools until 2004. During that time, he received satisfactory evaluations, was granted tenure, and was not cited for any disciplinary infractions.

7. From September 2004 until August 2005, Plaintiff was employed as a chemistry teacher by the Clarkstown Central School District. He received satisfactory evaluations and was not cited for any disciplinary infractions.

8. In August 2005, Plaintiff accepted a position with the East Ramapo CSD to teach chemistry at the East Ramapo High School. Plaintiff was extremely well-regarded and received satisfactory evaluations in his first year at the high school. His department chairperson, who retired during the summer break of 2006, wrote the principal that "Mr. Ahmad is a wonderful teacher and we are lucky to have him in the department." Plaintiff was the only

teacher selected to be on the committee to interview candidates for the new department chairperson. Plaintiff was also selected to coach the high school's Science Olympiad Team and to serve on a committee to update the district chemistry curriculum. He was given an appreciation award by the high school's National Honors Society.

9. In December of 2006, however, Plaintiff complained to the high school principal about remarks he had heard made by a fellow teacher, Roseanne Hughes, and Cynthia Partee, the new department chairperson, which disparaged his Pakistani national origin and Muslim religion. Specifically, the teachers had expressed concern about providing Plaintiff with a key that opened several rooms in the high school. Ms. Hughes said to Ms. Partee, "You know that the same key (the one Mr. Ahmad requested) opens the chemical storage room, we can't trust Mr. Ahmad, he is a Pakistani Muslim and could be a terrorist." Ms. Partee said, "You are right and I agree with you, I will get the lock changed, don't be upset, I will take care of it, he will be out of his job soon."

10. In January 2007, Plaintiff complained to the high school principal about disparaging remarks from a third teacher, Peggy Matthews. Specifically, Ms. Matthews had told Plaintiff that she had blocked Plaintiff from being placed on the ballot to be a union delegate because he was a Muslim with an accent.

11. In February 2007, Plaintiff complained to the high school principal that no action had been taken in response to his earlier complaints.

12. In March 2007, Plaintiff was escorted by school security officers to a meeting with Joe Farmer, the East Ramapo CSD Deputy Superintendant. At the meeting, Mr. Farmer demanded that Plaintiff apologize to the teachers about whom he had complained or lose his job. Under duress, Plaintiff apologized.

13. Nevertheless, in a letter dated March 30, 2007, the Superintendent of East Ramapo CSD notified Plaintiff that he would be recommending to the Board of Education that Plaintiff be terminated effective June 2, 2007. The Superintendent further directed Plaintiff not to go on to any property owned by the Board of Education.

14. Plaintiff was terminated effective June 2, 2007.

15. Plaintiff filed an EEOC complaint against the East Ramapo CSD on August 10, 2007 alleging national origin and religious discrimination and retaliation.

16. Plaintiff was subsequently hired by the Mount Vernon CSD in September of 2007. Plaintiff's performance in his position was more than satisfactory.

17. Plaintiff was, however, targeted by Wallace L. Dunn, Jr., the Assistant Superintendent for Human Resources of the Mount Vernon CSD, for retaliation for pursuing his claim against the East Ramapo CSD.

18. In October 2007, Mr. Dunn interrogated Plaintiff about his pending EEOC charge and whether Plaintiff intended to sue the East Ramapo CSD. Mr. Dunn warned Plaintiff that there would be consequences if Plaintiff did not drop the EEOC complaint against the East Ramapo CSD. Plaintiff did not drop the EEOC complaint.

19. Subsequently, Duane Christian, Plaintiff's supervisor, issued Plaintiff a falsely negative class observation report and recommended Plaintiff's dismissal. Plaintiff challenged the evaluation and recommendation for termination with the assistance of his union delegate. After the union delegate pointed out that there was no substantiation for the negative evaluation, it, along with the dismissal recommendation, was withdrawn.

20. Mr. Christian later admitted to Plaintiff that Mr. Dunn had directed him to "go after" Plaintiff. Mr. Christian provided Plaintiff with a satisfactory evaluation at the end of the 2007-2008 school year and recommended him for another probationary year.

21. Despite Plaintiff's satisfactory evaluation and recommendation for continued employment by his supervisor, the Mount Vernon CSD notified Plaintiff on August 14, 2008 that a recommendation would be made to the Board of Education at a meeting on August 24, 2008 that his employment be terminated. At the Board of Education meeting on August 24, 2008, a decision was made to terminate Plaintiff's employment, effective October 24, 2008.

22. Plaintiff was terminated on October 24, 2008.

## FIRST CLAIM FOR RELIEF
### (Claim Under 42 U.S.C. §1981 Against East Ramapo CSD)

23. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

24. Defendant discriminated and retaliated against Plaintiff in the terms, conditions and privileges of employment on account of his national origin and his opposition to racial discrimination in violation of 42 U.S.C. §1981.

## SECOND CLAIM FOR RELIEF
### (Claim Under Title VII, 42 U.S.C. 2000e Against East Ramapo CSD)

25. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

26. On November 22, 2008, Plaintiff received a right to sue letter and a dismissal of his complaint against the East Ramapo CSD from the Equal Employment Opportunity Commission.

27.     Plaintiff filed the original complaint in this case on February 18, 2009, and attached a copy of the right to sue letter thereto.

28.     Defendant East Ramapo CSD discriminated and retaliated against Plaintiff in the terms, conditions and privileges of employment on account of his religion, his national origin, and his opposition to national origin and religious discrimination in violation of Title VII of the Civil Rights Act of 1964.

### THIRD CLAIM FOR RELIEF
**(Claim Under 42 U.S.C. §1981 Against Mount Vernon CSD For Discrimination and Retaliation Based on National Origin)**

29.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

30.     Defendant Mount Vernon CSD discriminated and retaliated against Plaintiff in the terms, conditions and privileges of employment on account of his national origin and his opposition to national origin discrimination in violation of 42 U.S.C. §1981.

### FOURTH CLAIM FOR RELIEF
**(Claim Under New York State Human Rights Law Against Mount Vernon CSD For Discrimination and Retaliation Based on Religion)**

31.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

32.     Defendant Mount Vernon CSD discriminated and retaliated against Plaintiff in the terms, conditions and privileges of employment on account of his religion and his opposition to religious discrimination in violation of the New York State Human Rights Law, N.Y. Exec. Law §296.

**WHEREFORE**, Plaintiff demands judgment:

A. Requiring Defendant East Ramapo CSD to reinstate Plaintiff to the position he held prior to discharge, with all employee benefits incidental thereto; or in the alternative to award front pay;

B. Enjoining Defendant East Ramapo CSD, upon Plaintiff's reinstatement, from discriminating against Plaintiff on the basis of national origin and religion, in the terms and conditions of his employment;

C. Awarding Plaintiff compensatory damages from both Defendants including, but not limited to, damages for emotional distress;

    B. Awarding Plaintiff punitive damages from both Defendants;

    C. Awarding reasonable attorneys' fees, costs and expenses;

    D. Granting such other legal and equitable relief as the Court may deem just and equitable.

Dated: New York, New York
June 29, 2009

GISKAN SOLOTAROFF ANDERSON
& STEWART LLP

By: Jason L. Solotaroff (JS-5739)
11 Broadway, Suite 2150
New York, New York 10004
212-847-8315

ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated: New York, New York
June 29, 2009

                GISKAN SOLOTAROFF ANDERSON &
                STEWART LLP

By:    Jason L. Solotaroff (JS-5739)
        11 Broadway, Suite 2150
        New York, New York 10004
        212-847-8315

        ATTORNEYS FOR PLAINTIFF