

RUTHERFORD & CHRISTIE
NEW YORK   ATLANTA

November 18, 2011

Pre-motion conference to be held on:
JAN. 4, 2012 @ 10:00 AM
Opposing counsel to state position (by letter not to exceed 3 pages) in writing one week in advance.

So ordered.

Cathy Seibel
Cathy Seibel, U.S.D.J.

Dated: 11/21/11

**VIA FACSIMILE**

Honorable Cathy Seibel
Southern District of New York
Hon. Charles L. Brieant Federal
  Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/2011

Re:   Ahmad v. Mt. Vernon CSD, et al.
      U.S.D.C., Southern District of New York
      Docket No.: 09 CV 1440 (CS)
      Our File No.: 5001.188

Dear Judge Seibel:

   We represent the Mt. Vernon City School District ("the District") in the captioned matter. Pursuant to your Honor's individual rules of practice we are writing to request a pre-motion conference and for permission to move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

   By way of background, this matter pertains to an employment discrimination case filed by a former teacher at the District's high school. The plaintiff was employed as a Chemistry Teacher during the 2007/08 school year and was terminated from his probationary employment. The plaintiff alleges that his termination was based on illegal race, national origin and religious discrimination and retaliation for pursuing an EEOC claim against the co-defendant, East Ramapo Central School District. The operative pleading is the plaintiff's Third Amended Complaint, filed on March 17, 2010 (Docket No. 45). The Third Amended Complaint alleges two causes of action pursuant to 42 U.S.C. § 1981 ("§ 1981") and Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, et. seq. ("Title VII") against the District. For the reasons set forth below, both of these causes of action are subject to summary judgment dismissal.

**§ 1981 (Third Cause of Action)**

   The § 1981 claim asserted against the District is subject to dismissal on several grounds. In the first instance, the courts have repeatedly held that a § 1981 claim against state actors, such as school districts, is not viable without a claim being if it is not asserted under 42 U.S.C. § 1983. The United States Supreme Court, in Jett v. Dallas Independent School District, 491 U.S.

*Hon. Cathy Seibel*
*Ahmad v. Mt. Vernon CSD, et al.*
*Docket No.: 09 CV 1440 (CS)*
*Our File No.: 5001.188*
*November 18, 2011*
*Page No. 2*

701, 735, 109 S.Ct. 2702, 105 L.Ed.598 (1989) held "that the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." Id.

Despite a Circuit split concerning the enactment of § 1981(c) as it relates to private actors, the Second Circuit continues to follow the Jett holding as it relates to state actors. In one case the Second Circuit noted that a "claim against a state actor would have to be brought pursuant to 42 U.S.C. § 1983, which provides the 'exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." Anderson v. Conboy, 156 F.3d 167, 176, n.17.

Here, however, the plaintiff has not asserted a cause of action pursuant to § 1983. The Third Amended Complaint, drafted by the plaintiff's last set of attorneys, does not mention § 1983 at all and does not contain a cause of action under § 1983. For this reason, the plaintiff's § 1981 cause of action against the District should be dismissed with prejudice.

Even if the plaintiff had asserted § 1983 in the Third Amended Complaint, the § 1981 claim would still be subject to dismissal because the plaintiff is unable to establish that the District discriminated against him on the basis of race. Discovery in this case has not adduced a scintilla of evidence that the District's decision to terminate the plaintiff was motivated by race.

### Title VII (Fourth Cause of Action)

The Title VII discrimination/retaliation cause of action is also subject to dismissal. Initially, it should be noted that the Title VII cause of action purportedly based upon race should be barred based upon the plaintiff's failure to include "race" as a basis in his EEOC Charge. As such, the plaintiff has not exhausted his administrative remedies with respect to the race discrimination claim, which is a pre-requisite to bringing a Title VII cause of action.

In addition, the complainant's Title VII claims are time- barred because the EEOC Charge was untimely. An EEOC Charge must be filed within 300 days of the discrimination/retaliation as required by 42 U.S.C. 2000e-5(e)(1). The plaintiff in this case was advised that he was going to be terminated by letter from the District's Human Resources Department dated August 7, 2008. The 300-day period for filing an EEOC charge, therefore, expired 300 days later on June 3, 2009. Inasmuch as the EEOC charge was filed on June 12, 2009, it was not timely filed.

RUTHERFORD & CHRISTIE LLP

*Hon. Cathy Seibel*
*Ahmad v. Mt. Vernon CSD, et al.*
*Docket No.: 09 CV 1440 (CS)*
*Our File No.: 5001.188*
*November 18, 2011*
*Page No. 3*

      The Second Circuit held in <u>Flaherty v. Metromail Corp.</u>, 235 F.3d 133 (2d Cir. 2000), that "employment discrimination claims accrue on the date that the employee 'knows or has reason to know of the injury which is the basis of his action.'" <u>Id.</u> at 137 (quoting <u>Cornwell v. Robinson</u>, 23 F.3d 694, 703 (2d Cir. 1994)). The Second Circuit relied on <u>Delaware State College v. Ricks</u>, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed. 431 (1980), where a college professor was denied tenure and alleged discrimination. The Supreme Court there held that the plaintiff's claim accrued on the date that he was notified of the decision to terminate his employment, and not the later date of his eventual discharge. The same is true here where the plaintiff was notified that he was being terminated on August 7, 2008, and the deadline to file a charge with the EEOC expired 300 days later on June 3, 2009.

      Furthermore, the Title VII cause of action against the District was also not timely commenced. According to the allegations of the plaintiff's Third Amended Complaint, the right to sue letter from the EEOC was received in October 19, 2009 and the deadline for commencing a Title VII claim expired ninety days later on January 18, 2010. The Third Amended Complaint, which asserted a Title VII cause of action against the District for the first time, is dated March 1, 2010 and was not filed with the Court until March 17, 2010. Thus, the Title VII cause of action was not timely filed and should be dismissed.

      Aside from the timeliness issues, the plaintiff would still be unable to establish that his termination from probationary employment with the District was based on discrimination and/or retaliation. There is no evidence in the record that the decision to terminate the plaintiff was based on an impermissible motive other than the plaintiff's speculative allegations.

      Based on the foregoing, we respectfully request permission to file a Rule 56 motion to dismiss the Third Amended Complaint. We are available for a conference at the Court's convenience. Thank you for your consideration of this matter.

      Very truly yours,

      RUTHERFORD & CHRISTIE, LLP

By: _____
    Lewis R. Silverman (LS 9723)

LRS/hj

*Hon. Cathy Seibel*
*Ahmad v. Mt. Vernon CSD, et al.*
*Docket No.: 09 CV 1440 (CS)*
*Our File No.: 5001.188*
*November 18, 2011*
*Page No. 4*

cc:     **Via Email and Regular Mail**

      Mushtaq Ahmad
      10 Parliament Drive
      New City, New York 10956

      Lemire Johnson, LLC
      2534 Route 9
      P.O. Box 2485
      Malta, NY 12020
      Attention: Gregory Johnson, Esq.

RUTHERFORD & CHRISTIE LLP

# FAX TRANSMISSION

## RUTHERFORD & CHRISTIE, LLP

369 Lexington Avenue - 8th Floor
New York, New York 10017
(212) 599-5799
Fax: (212) 599-5162

|          |                                                                                          |          |                              |
|----------|------------------------------------------------------------------------------------------|----------|------------------------------|
| **To:**  | Honorable Judge Cathy Seibel<br>United States District Judge<br>SOUTHERN DISTRICT OF NEW YORK | **Date:** | November 18, 2011 |
| **Fax #:** | (914) 390-4085                                                                         | **Pages:** | 5, including this cover sheet. |
| **From:** | Lewis R. Silverman, Esq.                                                                |          |                              |
| **Subject:** | Admad v. Mt. Vernon CSD, *et al.*<br>File No.: 5001.188                              |          |                              |

Comments: Please see attached.

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. the reader of this message is not the intended recipient or the employee or agent responsible for deli· the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in erroi please notify us immediately by telephone, and return the original message to us via postal service.  ' you.