UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

MUSHTAQ AHMAD,

                      Plaintiff,

-against-                               **Civil Case No.: 09 Civ. 1440 (CS)**

EAST RAMAPO CENTRAL SCHOOL DISTRICT,
and the MOUNT VERNON CITY SCHOOL DISTRICT,

                      Defendants
───────────────────────────────────────

## AFFIDAVIT

STATE OF NEW YORK   )
COUNTY OF SARATOGA )   ss.:

      GREGG T. JOHNSON, being duly sworn, deposes and says upon information and belief:

      1.    I am an attorney duly licensed to practice before this Court and a member of Lemire Johnson, LLC, attorneys for Defendant, the East Ramapo Central School District (hereinafter referred to as "ERCSD") in the above-referenced action. I have been lead counsel for the ERCSD since the Fall of 2007 when Plaintiff filed his single EEOC Charge against ERCSD. I am familiar with the litigation history and certain facts relating to this case.

      2.    I respectfully submit this Affidavit in support of ERCSD's Motion for Summary Judgment.

      3.    This litigation was commenced by Plaintiff filing a *pro se* Complaint on February 18, 2009. *See,* Dkt. No. 1. There were multiple subsequent amendments to the Complaint by Plaintiff's former counsel. The operative Complaint is the Third Amended Complaint which was filed on or about March 17, 2010. (*See,* Dkt. No. 45; Ex. DD).

### Plaintiff's EEOC Charge

4. Upon information and belief, Plaintiff filed one EEOC Charge (Exhibit R) against the ERCSD on or about August 10, 2007. Plaintiff also served a Notice of Claim dated August 28, 2007 upon the ERCSD. (Ex. EE). By his EEOC Charge, Plaintiff claimed that he was discriminated against by the ERCSD based on his religion and national origin (Ex. R) which Charge the ERCSD responded to on October 17, 2007 (Ex. S).

5. In Plaintiff's verified EEOC Charge (Ex. R), he included no allegations that Plaintiff was discriminated by ERCSD on the basis of his race or color. *Id.* Moreover, on the EEOC Charge Form completed by Plaintiff, he did not check either box indicating he believed he was subject to discrimination on the basis of his race or color (Ex. R).

6. In Plaintiff's verified EEOC Charge (Ex. R), he included no allegations that Plaintiff was retaliated against by ERCSD. *Id.* Moreover, on the EEOC Charge Form, Plaintiff did not check the box indicating he believed he was subject to retaliation (Ex. R).

7. Upon information and belief, Plaintiff was represented by Counsel when he filed his EEOC Charge as reflected by the August 9, 2007 letter attached hereto as Exhibit "T".

8. Upon information and belief, Plaintiff's EEOC Charge was transferred to the Investigative Unit of the EEOC and was investigated by the EEOC. (Ex. U).

9. Upon information and belief, on June 16, 2008 Plaintiff's first counsel withdrew while Plaintiff's EEOC Charge was still pending. (Ex. Z).

10. After its investigation, the EEOC failed to find that any violation had occurred. (Ex. V).

11. Upon information and belief, the EEOC sent Plaintiff and our office a right to sue letter on October 28, 2008 when they also informed Plaintiff of their decision. (Ex. V).

12.     My office made several attempts to secure the entire EEOC file pursuant to FOIA during the pendency of this action. Initially, EEOC objected when our Firm requested their "caselog" for Ahmad's EEOC proceeding, but ultimately the EEOC withdrew their objection and produced the "caselog" in April 2011. (Ex. W). When we finally received the "caselog" for Plaintiff's EEOC proceeding, the "caselog" reflected no telephone calls, faxes or mailings to Plaintiff after he was sent a right to sue letter on October 28, 2008. (Ex. X).

13.     In response to Defendant's motion to dismiss, Plaintiff represented to this Court that he had not received the right to sue letter from the EEOC until late November. (Ex. Y).

### Missing Adverse ERTA Subpoena Documents

14.     On August 30, 2011, our office contacted the Court seeking a pre-motion conference with respect to Plaintiff's apparent failure to produce *all* of the documents that he had received from his Union, the East Ramapo Teachers Association (the "ERTA") in response to a subpoena he served on or about June 7, 2011. Attached hereto as Exhibit "AA" are true and correct copies of the August 30, 2011 and September 2, 2011 letters sent to the Court by our office with respect to the ERTA subpoena production provided by Plaintiff.

15.     Upon information and belief, on or about June 16, 2011, the ERTA sent ninety (90) pages of documents that were responsive to Plaintiff's subpoena to Plaintiff via Federal Express. Plaintiff had not provided either the subpoena or the produced documents to our office despite multiple attempts by our office to have Plaintiff comply with the Court's Orders. Plaintiff failed to meaningfully respond to any of our requests, which necessitated our August 30, 2011 request to the Court seeking assistance in obtaining this discovery. *See* Ex. AA.

16. Upon information and belief, Attorney Mark Lemire (formerly of my office) contacted the ERTA and obtained a complete set of the documents that were produced by the ERTA pursuant to the subpoena directly from the ERTA, which included ninety (90) pages. We then compared the ERTA production with the documents that Plaintiff had produced. We found that nineteen (19) pages had apparently been omitted from the documents provided by Plaintiff. One of the documents that was omitted from Plaintiff's production of the ERTA documents was an eight (8) page memorandum dated July 20, 2007 from a NYSUT attorney regarding her assessment of Plaintiff's allegations of discrimination against ERCSD. This memorandum is significant because it appeared that after reviewing a number of documents provided by Plaintiff that the NYSUT attorney may have concluded that Plaintiff "created" certain documents, including documents that ERCSD believes have been fabricated, after-the fact.

17. Following our August 30, 2011 letter to the Court, Plaintiff sent a responsive letter on September 2, 2011 in which Plaintiff contended that he produced seventy-one (71) pages of ERTA documents leading the Court to once again Order Plaintiff to produce all of the ERTA documents, this time in hard-copy. See Dkt. No. 122. On September 21, 2011, Plaintiff purported to comply with the Court's Order by producing the same seventy-one (71) pages that he had previously produced by e-mail, at which time Plaintiff claimed that the envelope containing the ERTA documents produced pursuant to his subpoena had been left at his door and had been "opened" – suggesting that select pages had been removed. Attached as Exhibit "BB" is a true and correct copy of the September 21, 2011 cover letter that Plaintiff provided with the "re-production" of the ERTA documents.

## Documents Offered in Support of ERCSD's Motion for Summary Judgment

18. Attached as part of Exhibit "A" is the ERCD's Anti-Discrimination policy which is available to the public on their school website.

19. Attached as Exhibit "M" are excerpts from the transcript of Plaintiff's 50-h examination conducted on October 9, 2007.

20. Attached as Exhibit "N" are excerpts from the transcript of Plaintiff's deposition taken on October 13, 2009.

21. Attached as Exhibit "O" are excerpts from the transcript of Plaintiff's deposition testimony taken on August 3, 2010.

22. Attached as Exhibit "P" is Defendant's request for admission to Plaintiff and Plaintiff's response.

23. Attached as Exhibit "Q" are excerpts from the transcript of Jean Fields deposition testimony taken by Plaintiff on October 26, 2011.

24. Attached as Exhibit "CC" is a document reflecting Plaintiff's behavior towards his Department Chairperson at Ramapo High School.

25. Certain exhibits offered in support of ERCSD's motion for summary judgment (e.g., Exs. C, E, G, H, and N) have been redacted to remove student names and other identifying information regarding former ERCSD students.

26. Attached hereto as Exhibit "FF" is Plaintiff's response letter to Dr. Schwartz March 2007 termination notice.

**WHEREFORE**, it is respectfully requested that the Court grant ERCSD's Motion for Summary Judgment and for such other and further relief in favor of the ERCSD as it deems just and proper.

_____
Gregg T. Johnson

Sworn to before me this
1st day of March 2012.

_____
Notary Public

EWA M. KRAWIEC
Notary Public State of New York
Qualified in Saratoga County
No. 01KR6050386
Commission Expires November 6, 2014

6