**R&C** | RUTHERFORD & CHRISTIE LLP
NEW YORK   ATLANTA

MEMO ENDORSED

August 5, 2013 *Deemed letter motion for reconsideration. Plaintiff may respond by letter not to exceed 3 pages by 8/20/13.*

**VIA FACSIMILE**

Honorable Cathy Seibel
United States District Court for the
Southern District of New York
Hon. Charles L. Brieant Federal
  Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601

So Ordered.

*Cathy Seibel*
Cathy Seibel, U.S.D.J.

Re:   Ahmad v. Mt. Vernon CSD, et al
      U.S.D.C., Southern District of New York
      Docket No.: 09 CV 1440 (CS)
      Our File No.: 5001.188

Dated: 8/5/13

Dear Judge Seibel:

We represent Defendant Mt. Vernon City School District ("the District") in this matter. We write, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, to respectfully request that the Court reconsider its prior decision denying the District's motion for summary judgment on the plaintiff's Title VII retaliation claim. The reconsideration and dismissal of the Title VII retaliation claim against the District is appropriate because of an intervening change in the law governing the causation standard in Title VII retaliation claims. The Court's decision on the summary judgment motion was rendered on January 8, 2013, prior to the United States Supreme Court's June 24, 2013 decision in University of Texas Southwestern Medical Center v. Nasser, 133 S. Ct. 2517 (2013).

Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party of an order for several reasons, the last of which is "any other reason that justifies relief." FRCP 60(b)(6). The decision to grant or deny a motion for reconsideration falls squarely within the discretion of the district court. See Devlin v. Transportation Communications International Union, 175 F.3d 121, 132 (2d Cir.1999). "A motion for reconsideration may be granted upon one of three possible grounds: (1) an intervening change in law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/2013

369 LEXINGTON AVENUE
8TH FLOOR
NEW YORK, NY 10017-5947

T: (212) 599-5799 | F: (212) 599-5162
WWW.RUTHERFORDCHRISTIE.COM

*Hon. Cathy Seibel*
*Ahmad v. East Ramapo CSD and Mt. Vernon CSD*
*Docket No.: 09 CV 1440 (CS)*
*August 5, 2013*
*Page No. 2*

injustice." Shannon v. Verizon New York, Inc., 519 F.Supp.2d 304, 307 (N.D.N.Y.2007) (citing Doe v. New York City Dept. of Social Servs., 709 F.2d 782, 789 (2d Cir.1983)). Here, an intervening change in the law justifies granting reconsideration.

Where a "supervening change in governing law calls into serious question the correctness of the court's judgment," Sargent v. Columbia Forest Prod., Inc., 75 F.3d 86, 90 (2d Cir.1996), a Rule 60(b)(6) motion may be granted. See, e.g., Devino v. Duncan, 215 F.Supp.2d 414, 418 (S.D.N.Y.2002). Based on the Second Circuit holding in Sargent, courts have used a four-factor test to determine whether an intervening change of law justifies the granting of a Rule 60(b)(6) motion. These factors are as follows:

> (1) whether the new law is "beyond any question inconsistent" with the earlier decision; (2) whether the moving party notified the court of a pending motion that may alter the decisional law; (3) whether "substantial" time had elapsed between the earlier decision and the pending motion; and (4) whether the equities strongly favor the moving party.

Sargent, 75 F.3d at 90

Here, reconsideration is appropriate because University of Texas Southwestern Medical Center represents a sea change in the analysis of Title VII retaliation case causation making the court's January 8, 2013 decision beyond any question inconsistent. In Univ. Tex. Sw. Med. Ctr., the Supreme Court held that a plaintiff making a Title VII retaliation claim "must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." Univ. Tex. Sw. Med. Ctr., 133 S.Ct. at 2534. The Court noted that the but for standard is "more demanding than the motivating factor standard . . . ." Id.

Application of the more demanding "but for" standard rather than the lesser "motivating factor" standard to the undisputed facts regarding the plaintiff's retaliation cause of action against the District entitles the District to summary judgment dismissal. The District does not seek here to relitigate or reargue the facts of the case and the Court can apply the heightened standard to the case facts it has already reviewed.

In its January 8, 2013 decision, in the context of dismissing the plaintiff's discrimination claims, the Court found that the District proffered legitimate, non-discriminatory reasons for terminating plaintiff's employment. These reasons were insubordination, perceived inability to work professionally with other employees and the lack of need for plaintiff's services. The plaintiff was unable to rebut the proffered reasons. See January 8, 2013 Transcript, pp. 17-18. Furthermore, the Court held that the plaintiff did not show that the District's reasons were pretextual. See January 8, 2013 Transcript, p. 18.

RUTHERFORD & CHRISTIE LLP

*Hon. Cathy Seibel*
*Ahmad v. East Ramapo CSD and Mt. Vernon CSD*
*Docket No.: 09 CV 1440 (CS)*
*August 5, 2013*
*Page No. 3*

Applying these holdings to the surviving Title VII retaliation claim inexorably leads to the conclusion that any alleged retaliation was not the sole, or "but for" cause for the plaintiff's termination. In other words, even if Dr. Dunn made the comments alleged by the plaintiff, and Mr. Christian's termination recommendation/retraction are evidence of retaliation, the Court has already held that the District proffered legitimate reasons for the plaintiff's termination. Consequently, even if Dr. Dunn's statement and Mr. Christian's actions evidence retaliatory animus, the existence of other non-pretextual reasons for the termination decision defeats any finding that the alleged retaliatory animus was the "but for" cause of the plaintiff's termination. Under the prior lesser "motivating factor" standard, the plaintiff may have been able to establish a causal nexus to a jury, but the more stringent "but for" standard extinguishes any causal nexus.

Citing Prosser and Keeton, the Univ. Tex. Sw. Med. Ctr. Court explained that "an action 'is not regarded as a cause of an event if the particular event would have occurred without it.'" Univ. Tex. Sw. Med. Ctr., 133 S.Ct. at 2525 (citing *Prosser and Keeton on the Law of Torts* 265 (5th Ed. 1984)). In the case at bar, in order to prevail in his Title VII retaliation cause of action against the District, the plaintiff is required to produce "proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful actions of the employer." Univ. Tex. Sw. Med. Ctr., 133 S.Ct. at 2533. The plaintiff has not produced any evidence whatsoever that he would not have been terminated in the absence of the alleged retaliation. The plaintiff in instant case has not produced any proof that his termination would not have occurred "but for" or in the absence of the alleged retaliation. On this basis, the court can reconsider its prior ruling and dismiss the Title VII retaliation claim against the District.

In the alternative, if the Court does not grant the reconsideration application to dismiss the plaintiff's Complaint, the District respectfully requests an opportunity to submit an amended jury instruction that reflects the new heightened "but for" standard for causation in a Title VII retaliation case. Thank you for your consideration of this matter.

Respectfully yours,

RUTHERFORD & CHRISTIE, LLP

By: _____
Lewis R. Silverman (LS 9723)

LRS/hj

cc:   **Via Electronic Delivery**
      Mushtaq Ahmad
      Gregg T. Johnson, Esq.

RUTHERFORD & CHRISTIE LLP

# FAX TRANSMISSION

**RUTHERFORD & CHRISTIE, LLP**
369 Lexington Avenue, 8th Floor
New York, New York 10017
(212) 599-5799
Fax: (212) 599-5162

**To:** Hon. Cathy Seibel          **Date:** August 5, 2013

**Attn:**

**Fax #:** (914) 390-4278           **Pages:** 4, including this cover sheet.

**From:** Lewis R. Silverman

**Subject:** Ahmad vs. Mount Vernon CSD, et al. - Docket No.: 09 CV 1440 (CS)

**Comments:**

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. the reader of this message is not the intended recipient or the employee or agent responsible for deli the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in erro please notify us immediately by telephone, and return the original message to us via postal service. you.