UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MUSHTAQ AHMAD,

                              Plaintiff,

                  - against -

EAST RAMAPO CENTRAL SCHOOL DISTRICT and
MOUNT VERNON CITY SCHOOL DISTRICT,

                              Defendants.
------------------------------------------------------------------------x

**ORDER**

No. 09-CV-1440 (CS)

Seibel, J.

      Before the Court is Plaintiff's motion to review the Clerk of Court's award of costs. (Doc. 449.) For the following reasons, Plaintiff's motion is DENIED.

**I.    BACKGROUND**

      The Court assumes familiarity with the facts and procedural background in this case, and thus states only those facts relevant here. Plaintiff *pro se* commenced this lawsuit on February 18, 2009. (Doc. 1.) After a jury trial, this Court entered judgment for Defendants on April 29, 2014. (Doc. 369.) Defendant Mount Vernon City School District ("MVCSD") initially filed its Bill of Costs on May 1, 2014. (Doc. 370.) The hearing on that application was adjourned on May 29, 2014 pursuant to Civil Local Rule 54.1(a), pending decision on Plaintiff's motion for a new trial. (Minute Entry dated May 29, 2014.) After a new trial was denied, (Doc. 400), Defendant East Ramapo Central School District ("ERCSD") filed its Bill of Costs on October 15, 2014, (Doc. 408), and MVCSD refiled its Bill of Costs on October 16, 2014, (Doc. 410). On October 24, 2014, after Plaintiff filed an appeal with the Second Circuit, consideration on the Bills of Costs was again stayed in accordance with the Local Rule. (Minute Entry dated Oct. 24,

2014.)  Plaintiff filed an opposition to Defendants' Bills of Costs on November 18, 2014, which I denied without prejudice to renewal because of the stay.  (*See* Doc. 425.)

The Second Circuit returned its mandate to this Court on January 5, 2018, and – in accordance with the Local Rule – Defendants re-filed their Notices of Bills of Costs on January 11, 2018.  (Docs. 438, 440.)  On January 25, 2018, the Court received Plaintiff's motion to deny Defendants' Bills of Costs or stay the proceedings due to Plaintiff's "serious chronic personal illness."  (Doc. 445.)  Plaintiff's motion did not include substantive objections to Defendants' requests for costs, but argued I should deny or stay the decision because of Plaintiff's illness.  (*Id.*)  I denied Plaintiff's motion, indicating that "Plaintiff's condition has not prevented him from filing this and another lengthy motion, [Doc. 443,] so he seems more than capable of addressing costs."  (Doc. 445.)  On February 12, 2018, with no further word from Plaintiff, the Clerk of Court taxed costs against Plaintiff in the amounts of $4,122.79 in favor of MVCSD and $10,209.48 in favor of ERCSD.  (Docs. 447, 448.)  On March 22, 2018, Plaintiff filed his motion to review the Clerk's Taxations of Costs pursuant to Federal Rule of Civil Procedure 54(d).  (Doc. 449.)  In his brief, Plaintiff again argues that he filed his motion late because, among other things, he was suffering from "chronic serious personal illness."  (*Id.* at 3.)

## II. DISCUSSION

Federal Rule of Civil Procedure 54(d)(1), which governs the taxation of costs against an unsuccessful litigant in federal court, provides that "costs – other than attorney's fees – should be allowed to the prevailing party."  The Southern District of New York's Civil Local Rules provide that "[a] party objecting to any cost item shall serve objections by Electronic Case Filing, except a *pro se* party may do so in writing, prior to the date and time scheduled for taxation."  S.D.N.Y. Civil Local Rule 54.1(b) (emphasis added).  Failure to do so constitutes a default.  *See Dejesus v.*

*Starr Tech. Risks Agency, Inc.*, No. 03-CV-1298, 2005 WL 957389, at *1 (S.D.N.Y. Apr. 25, 2005); *Weisbart v. U.S. Dep't of Taxation*, No. 97-CV-6020, 2001 WL 1782873, at *3 (E.D.N.Y. Nov. 13, 2001).[1]

Rule 54(d)(1) permits the unsuccessful party to challenge the clerk's taxation of costs "[o]n motion served within the next 7 days." Fed. R. Civ. P. 54(d)(1). If that motion is untimely, the opposing party waives the right to object. *See L&B 57th St., Inc. v. E.M. Blanchard, Inc.*, No. 95-CV-3450, 1997 WL 403430, at *1 (S.D.N.Y. July 16, 1997). *Pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks omitted).

Even if the motion is timely, "because Rule 54(d) allows costs 'as of course,' . . . the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) (citation omitted), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016). "A district court reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question [it]self." *Id.* at 269 (alteration in original) (internal quotation marks omitted).

Here, Plaintiff failed at both steps of the process. Following the appeal, Defendants filed their Notices of Bills of Costs on January 11, 2018, (Docs. 438, 440), and Plaintiff (knowing that his application for more time had been denied) served no objections before the Clerk of Court taxed costs on February 12, 2018, (Docs. 447, 448). He therefore waived his right to object. *See*

---

[1] Copies of all unpublished decisions cited in this Order will be mailed to Plaintiff.

*Dejesus*, 2005 WL 957389, at *1. Even if he did not waive, he had only seven days to file a motion for review, *see* Fed. R. Civ. P. 54(d)(1), and he did not file the instant motion until March 22, 2018, (Doc. 449), more than a month late.

Moreover, Plaintiff has not provided any legitimate reason for his failure to serve timely objections or file a timely motion. He claims he was ill and thus unable to file, but Plaintiff was able to file other applications in the relevant time period. (*See* Doc. 443, 445.)[2] Thus, I am not persuaded that Plaintiff's illness should excuse his late filing. *See Lehr Constr. Corp. v. Flaxer*, No. 16-CV-4048, 2017 WL 464428, at *4 (S.D.N.Y. Feb. 2, 2017) (illness is not normally an excuse, and other filings during illness prove that illness did not entirely incapacitate attorney); *Fonville v. D.C. Metro. Police Dep't*, No. 02-CV-2353, 2014 WL 12778283, at *2 (D.D.C. June 9, 2014) (motion for extension to file timely notice of appeal denied because attorney not sufficiently incapacitated when she was able to file other briefs in time specified). Plaintiff also argues that a letter he wrote to Chief Justice Roberts raising complaints about the Second Circuit, (Doc. 449 Ex. A), shows good cause for his untimeliness in filing the instant motion. (Doc. 449 at 3.) Plaintiff has not explained how his letter to Chief Justice Roberts excuses his missed deadlines and the Court cannot discern any such connection. For one thing, it was written well after both deadlines had passed, and it relates chiefly to his disputes with various court reporters.

Finally, Plaintiff claims that he filed his objections to the Bills of Costs, but no notice was taken. (*Id.*) But he refers to his objections from 2014, before his appeal was concluded in the Second Circuit. (*See id.*) I dismissed those objections without prejudice, and told Plaintiff he could renew them once his case had been decided on appeal, but he never did so. Plaintiff also cites to his letter requesting that I deny or stay Defendants' Bills of Costs on the grounds that he

---

[2] Plaintiff also filed a document in his Second Circuit appeal on Mach 9, 2018. *See* Doc. 149, *Ahmad v. E. Ramapo Sch. Dist., et al.*, No. 14-4001 (2d Cir. Mar. 9, 2018).

was suffering from an illness. (*Id.* (citing Doc. 445).) That letter came on the day the fourteen-day window under Rule 54(d)(1) to serve objections ran. And after I denied Plaintiff's request, (*see* Doc. 445), he still did not serve any objections. Because Plaintiff's motion is untimely and he has failed to provide a persuasive reason to excuse the delay, in my discretion I deny his motion to set aside to the Clerk's Taxations of Costs. *See Dejesus*, 2005 WL 957389, at *1 (denying plaintiff's motion to set aside bill of costs, filed seven days after deadline, in part because it was untimely); *Weisbart*, 2001 WL 1782873, at *3 (declining to consider merits of motion challenging award of costs because party failed to timely object); *E.M. Blanchard, Inc.*, 1997 WL 403430, at *1 (motion denied as untimely); *Glucover v. Coca-Cola Bottling Co. of N.Y., Inc.*, No. 91-CV-6331, 1996 WL 1998, at *3 (S.D.N.Y. Jan. 3, 1996) (denying plaintiff's untimely motion to set aside bill of costs).

To the extent Plaintiff argues that there is good cause to deny Defendant's costs due to his indigency, I would deny the motion even if it were timely. "Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987); *see Burchette v. Abercrombie & Fitch Stores, Inc.*, No. 08-CV-8786, 2010 WL 3720834, at *3 (S.D.N.Y. Sept. 22, 2010). "While the Court retains inherent power to review an award of costs, even if no objections were made to the Clerk before costs were awarded, this power should be exercised only if equity demands so." *Weisbart*, 2001 WL 1782873, at *4 (internal quotation marks omitted). Additionally, the burden is on the losing party to prove why costs should not be awarded. *Whitfield*, 241 F.3d at 270. This can include "misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Id.*

Plaintiff contends that his financial hardship should be sufficient for this Court to deny costs to the prevailing party. (Doc. 449 at 3-4.) Plaintiff does not show more than his own status *in forma pauperis*, which is not dispositive in deciding whether the prevailing party should be awarded costs. *See Whitfield*, 241 F.3d at 273 ("There is . . . widespread agreement among the courts of appeals that indigency *per se* does not preclude an award of costs against an unsuccessful litigant . . . ."); *see Hickey v. City of N.Y.*, 241 F.R.D. 150, 154 (S.D.N.Y. 2006) ("While indigency may exempt a party from the payment of costs in some circumstances, indigency does not render a party immune from the general obligation to pay.") (citations omitted); *Glucover*, 1996 WL 1998, at *2-3 (collecting cases of costs being taxed against indigent litigants). The statute providing for proceedings *in forma pauperis* specifically provides that "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings," 28 U.S.C. § 1915(f)(1),[3] and if indigency alone were enough to deny costs, "the language of § 1915 would be rendered meaningless . . . [and] the reasonable goal of requiring indigent litigants to assess the relative merits and risks of litigation would be thwarted." *Glucover*, 1996 WL 1998, at *3.

Finally, Plaintiff's argument that because he brought the original action in good faith, he should not have to pay costs to the prevailing parties is unavailing. (*See* Doc. 449 at 4.) "Good faith by itself does not require a district court to deny costs, since all parties to a federal action have an obligation to act in good faith." *Dejesus*, 2005 WL 957389, at *2; *see Whitfield*, 241 F.3d at 272-73 ("[G]ood faith and the absence of frivolous claims . . . do not require a district court to deny costs . . . ."). I need not go further in characterizing Plaintiff's conduct throughout

---

[3] This statute applies to prisoners and non-prisoners. *Robinson v. City of Buffalo*, No. 16-CV-432, 2017 WL 7731906, at *2 n.4 (W.D.N.Y. Oct. 25, 2017); *UPS of Am., Inc. v. The Net, Inc.*, 470 F. Supp. 2d 190, 193 (E.D.N.Y. 2007).

6

this long litigation except to say that while he may have subjectively believed that his claims had merit, he conducted himself on numerous occasions in a manner to which the label "good faith" would not apply. Nor does the record reveal any misconduct by the prevailing parties, difficulty of the issues or public importance of the case that might justify denial of costs.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to set aside the Taxations of Costs is DENIED. The Clerk of Court is respectfully directed to terminate the pending motion. (Doc. 449.) The Clerk of Court is also respectfully directed to mail a copy of this Order to Plaintiff.

**SO ORDERED.**

Dated: July 2, 2018
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.